**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., | : |
| | : |
| Plaintiff, | : **OPINION** |
| | : |
| v. | : Civ. No. 08-3836 (WHW) |
| | : |
| CANDOR CONSTRUCTION GROUP, | : |
| INC., BEDMINSTER MEDICAL PLAZA | : |
| LLC, AND DENNIS ULVERSOY | : |
| | : |
| Defendants. | : |

**Walls, Senior District Judge**

Plaintiff, JPMorgan Chase Bank, N.A. ("JPMC"), moves under Rules 37(b)(2), 55(a) and 55(b) of the Federal Rules of Civil Procedure for an order striking the Answer and Counterclaim of defendants and for entry of default judgment against defendants. Pursuant to Rule 78.1 of the Local Civil Rules, the motion is decided without oral argument. The motion for default judgment is granted.

## FACTS AND PROCEDURAL HISTORY[1]

In 2006 and 2007, JPMC hired defendant Candor Construction Group, Inc. ("Candor") as a general contractor on branch and office construction projects located in New Jersey (collectively, "JPMC Sites" or "Sites"). (Compl. ¶ 1.) JPMC and Candor entered into a general contractor agreement ("Agreement") for each JPMC Site which obligated JPMC to pay the cost for completing construction on each Site by way of separate progress requisition

---

[1] This discussion of the facts underlying this action is largely borrowed from the factual history set forth in the Court's January 12, 2009 Memorandum and Opinion.

NOT FOR PUBLICATION

payments made at intermittent stages of construction.  (Compl. ¶¶ 10-11.)  To receive each

progress payment, Candor was required to submit an Application for Payment which included a

certification by Candor that the work covered by the Application for Payment was completed.

(Compl. ¶ 12.)  With the Application for Payment, Candor was also required to certify and

warrant that "all bills for labor, materials, licenses and other expenses for which [JPMC] might

be liable or for which a lien might be filed by a Subcontractor or any tier [contractor] retained

directly or indirectly by [Candor] to furnish labor or materials for work covered under said

Requisition will be fully satisfied and paid promptly after contractor's receipt of payment."

(Compl. ¶¶ 13, 41, 49, 57, 65.)

       JPMC alleges that Candor failed to pay subcontractors from the progress

payments made by JPMC, used the payments for purposes unrelated to the construction projects,

and continued to request progress payments based on false certifications that subcontractors

would be promptly paid.  (Compl. ¶ 15.)  JPMC also alleges that Candor and its president,

defendant Dennis Ulversoy ("Ulversoy"), used the progress payments to finance the purchase,

pay mortgage payments, and maintain an investment property located in Bedminster, New Jersey

(the "Property").  (Compl. ¶ 132.)  The Property is owned by defendant Bedminster Medical

Plaza, LLC ("Bedminster"), which is allegedly controlled by Ulversoy.  (Compl. ¶¶ 132-133.)

       JPMC terminated Candor for cause and, on July 28, 2008, filed this action for

compensatory damages, punitive damages, and imposition of a constructive trust on the Property.

Process was served on August 18, 2008.  Defendants answered on September 23, 2008 and

included a counterclaim against JPMC in their pleading.  On October 14, 2008, JPMC moved to

**NOT FOR PUBLICATION**

strike allegations in defendants' answer, for judgment on the pleadings, and to dismiss defendant

Candor's counterclaim for failure to state a claim.  Defendants did not oppose the motion.  On

January 12, 2009, this Court issued an Order to strike certain enumerated paragraphs from the

answer.  The paragraphs in which defendants stated "the document speaks for itself" were also

stricken.  Defendants were granted leave to re-plead the stricken paragraphs within 20 days from

the date of the Order.  This Court ruled that, if defendants failed to amend by this date, the

allegations in the Complaint to which the stricken paragraphs are directed would be deemed

admitted.  The Court denied plaintiff's motions for judgment on the pleadings and to dismiss

defendants' counterclaims.  Defendants have not re-pled their answer.

JPMC represents that no defendant has provided Rule 26(a) initial disclosures,

which the Amended Pretrial Scheduling Order required to be made by March 23, 2009.

(Belmonte Decl. ¶ 7.)  JPMC also represents that defendants have not responded to its

interrogatories and document requests that were served on March 6, 2009.  (Id.)  On April 2,

2009, and April 15, 2009, JMPC wrote to counsel for defendants to resolve this matter but did

not hear back.  (Id.)

On May 18, 2009, JPMC wrote to the Court requesting that sanctions be imposed

on defendants for their failure to comply with discovery obligations.  On June 10, 2009, the

parties had a telephone status conference call with the Court during which JPMC raised

defendants' failure to provide discovery.  The Court directed defendants to provide their

outstanding discovery requests to JPMC by July 10, 2009.  Defendants did not do so.

NOT FOR PUBLICATION

        On August 11, 2009, JPMC again requested that the Court sanction defendants for their non-compliance with discovery obligations.  On August 26, 2009, the Court granted leave for JPMC to file an informal application for sanctions.  On September 15, 2009, JPMC filed a letter-brief asking the Court "to impose the severe sanction of striking defendants' answer and counterclaim."  On November 23, 2009, the Court issued an Order stating that, if defendants did not provide discovery to JPMC by December 2, 2009, the Court would address the issue of sanctions.  On December 3, 2009, defendants produced a single document.  JPMC asserts that this document did not comply with any of defendants' outstanding discovery obligations. (Belmonte Decl. ¶ 12.)

        On December 18, 2009, counsel for plaintiffs and defendants participated in a telephone conference with the Court.  Defendants' counsel stated that his clients were not providing him with the required discovery information.  The Court ordered that, by January 15, 2010, the parties shall submit a consent to default judgment and/or an application for the entry of a default judgment.  JPMC reports that defendants were not willing to consent to entry of a default judgment against them, even though they have not provided the initial required disclosures in discovery or complied with outstanding discovery demands.

        On March 29, 2010, counsel for parties again participated in a telephone conference with the Court.  Counsel for defendants told the Court that he did not anticipate his client providing discovery in this action.  He acknowledged that he told his clients that the entry of default judgment against them was a possible consequence of their refusal to participate in

**NOT FOR PUBLICATION**

discovery.  All parties to the telephone conference agreed that the next step to be taken in this

action is for the Court to adjudicate JPMC's motion for default judgment.

## STANDARD OF REVIEW

"Entry of a default judgment is an available sanction for failing to comply with a

court's discovery order."  Ramada Franchise Sys., Inc. v. Patel, No. 03-3494, 2004 U.S. App.

LEXIS 11300, at *6 (3d Cir. June 8, 2004) (citing Hoxworth v. Blinder, Robinson & Co., Inc.,

980 F.2d 912, 919 (3d Cir. 1992)).  To evaluate whether to enter default judgment against a party

for failure to comply with a discovery order, district courts must consider "(1) the extent of the

party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet

scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct

of the party of the attorney was willful or in bad faith; (5) the effectiveness of sanctions other

than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of

the claim or defense."  Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984)

(emphasis omitted).  All of the Poulis factors need not be met for default judgment to be entered.

Hoxworth, 980 F.2d at 919.

## DISCUSSION

**I.      Jurisdiction**

The Court has personal jurisdiction over defendants because defendants Candor

and Bedminster are New Jersey corporations and defendant Ulverstoy is a New Jersey resident.

NOT FOR PUBLICATION

The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a) and (c) because plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest.

## II.     Application of <u>Poulis</u> Factors

### A.     Defendant's Responsibility

A court must look to the personal responsibility of the defendant to see whether default judgment should be rendered against it.  <u>Ohntrup v. Gallagher</u>, No. 03-cv-4891, 2007 U.S. Dist. LEXIS 63336, at *6 (D.N.J. Aug. 27, 2007) (citing <u>Adams v. Trs. of the NJ Brewery Employees' Pension Trust Fund</u>, 29 F.3d 863, 875 (3d Cir. 1994)).  Here, defendants can blame no one but themselves for their failure to comply with discovery.  Their own counsel has represented to the Court that defendants have not shown a willingness to provide discovery responses.  Responsibility for non-compliance with discovery rests solely with defendants.

### B.     Prejudice to Plaintiff

Plaintiff has suffered prejudice from defendants' failure to comply with discovery and will suffer continued prejudice if its motion for default judgment is not granted.  Plaintiffs have not received required initial disclosures under Rule 26(a) which were due on March 23, 2009, more than one year ago.  Plaintiffs have also not received responses to their interrogatories and document requests served on March 6, 2009, also more than one year ago.  Plaintiffs have been forced to address these discovery issues via written communications and telephone conferences with this Court and defendants' counsel that would have been unnecessary if defendants had provided the obligatory discovery.  Plaintiffs have been unable to obtain

**NOT FOR PUBLICATION**

discovery information which they have a right to receive and which may have allowed them to

advance their case.

#### C.      History of Dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness,

such as consistent non-response to interrogatories, or consistent tardiness in complying with

court orders." Adams, 29 F.3d at 874.   A history of dilatoriness exists in this matter because

defendants have not responded to interrogatory requests that were served more than a year ago,

and have not adhered to the discovery schedule set forth in the Court's Amended Pretrial

Scheduling Order.

#### D.      Willfulness and Bad Faith

"[F]ailure to comply with the Court's order, coupled with the fact [defendant] has

offered no explanation for noncompliance . . . demonstrates bad faith." Ohntrup, 2007 U.S. Dist.

LEXIS 63336, at *9.  Defendants' counsel maintains that he informed defendants about their

discovery obligations, but they have not agreed to cooperate with discovery.  Defendants have

not provided any reason to the Court for why they are refusing to provide discovery.  The Court

finds that defendants' dilatory conduct has been willful and in bad faith.

#### E.      Effectiveness of Alternative Sanctions

Defendants' counsel has stated that he does not anticipate that defendants plan to

cooperate with discovery requests, even though he informed his clients that the issuance of a

default judgment against them was a real possibility.  Counsel for both parties and this Court

agreed during the March 29, 2010 telephone conference that there was nothing to be done in this

NOT FOR PUBLICATION

case other than for the Court to evaluate plaintiff's motion for default judgment.  The Court finds that, in light of defendants' counsel's inability to obtain his clients' cooperation with discovery requests, even under the threat of a default judgment, no sanction other than entry of a default judgment would be effective.

> **F.     Meritoriousness of the Claim**

To evaluate the meritoriousness of a claim for this inquiry, a court "does not use summary judgment standards.  A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense."  Poulis, 747 F.2d at 869-70.

The Court has reviewed the causes of action in Plaintiff's complaint and finds that its allegations, if established at trial, would support recovery for breach of contract (first, second, third and fourth causes of action), fraudulent misrepresentation and fraudulent inducement (fifth, sixth, seventh, and eighth causes of action), conversion (ninth, tenth, eleventh, and twelfth causes of action), unjust enrichment (thirteenth, fourteenth, fifteenth, and sixteenth causes of action), and the breach of contract and claims assigned by subcontractors to JPMC (seventeenth and eighteenth causes of action).  See Chanel, Inc. v. Craddock, No. 05-cv-1593, 2006 U.S. Dist. LEXIS 10478, at *13 (D.N.J. Feb. 27, 2006) ("Having reviewed the allegations of the Complaint, the Court is satisfied that Plaintiffs' allegations, if established at trial, would fully support recovery.").  Although defendants assert a counterclaim against JPMC, defendants Candor and Bedminister do not raise any affirmative defenses that could potentially constitute a complete defense.  Defendant Ulstervoy says only that "he acted solely in his capacity as officer and

-8-

**NOT FOR PUBLICATION**

director of a duly licensed corporation of the State of New Jersey and that all actions taken by

him were in that capacity."  (Answer, Affirmative Defense.)  On the whole, this sixth <u>Poulis</u>

factor leans in favor of entering default judgment against all defendants on the first through

eighteenth causes of action.

       **G.**      **Conclusion of <u>Poulis</u> Analysis**

       As discussed, the Court finds that each of the <u>Poulis</u> factors supports the issuance

of a default judgment for plaintiffs.  The Court's analysis of the <u>Poulis</u> factors, taken as a whole,

strongly supports the issuance of a default judgment against defendants.

<b>CONCLUSION</b>

       The Court grants plaintiff's motion for default judgment against all

defendants on its first through eighteenth causes of action.  Plaintiff's motion to strike

defendants' answer is denied as moot.  Plaintiff's motion to strike defendants' counterclaim is

granted.  The Court reserves final judgment on damages and on whether to impose a constructive

trust on a property named Bedminster Medical Plaza LLC, as requested in JPMC's nineteenth

cause of action, until counsel can be heard on these issues.  A hearing will be held for this

purpose on June 7, 2010, at 10:00 a.m..


**April 13, 2010**                          **s/William H. Walls**
                                       United States Senior District Judge